# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY JOSEPH WINKLER,<br><br>　　　　　　Petitioner,<br>　　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:18-cv-00115-MMD-WGC<br><br>ORDER |

This action comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1) and for initial screening review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The Court finds petitioner cannot pay the filing fee. The application to proceed *in forma pauperis* will therefore be granted. Further, following initial review of the petition, the Court will direct a response.

It is therefore ordered that that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted and that petitioner will not be required to pay the filing fee.

It is further ordered that the Clerk of Court file the petition (ECF No. 1-1).

It is further ordered that the Clerk informally electronically serve the Nevada Attorney General with a copy of the petition and this order, along with regenerated notices of electronic filing of the remaining filings herein.

It is further ordered that respondents will have sixty (60) days from entry of this order within which to respond to the petition. Any response filed must comply with the remaining provisions below.

It is further ordered that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally will send a hard copy of all exhibits filed, for this case, to the Reno Clerk's Office.

///

///

///

///

1     It is further ordered that petitioner will have thirty (30) days from service of the
2 answer, motion to dismiss, or other response to mail a reply or response to the Clerk of
3 Court for filing.

4     DATED THIS 23rd day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE