UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY JOSEPH WINKLER,<br><br>                    Petitioner,<br>    v.<br><br>ISIDRO BACA, *et al.*,<br><br>                    Respondents. | Case No. 3:18-cv-00115-MMD-WGC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on Petitioner's motion for production of transcripts. (ECF No. 22.) Specifically, Petitioner seeks a transcript of his September 11, 2015 state postconviction evidentiary hearing. (*Id.*) While Respondents filed the minutes of the proceeding as part of the relevant state court record, they did not file any transcript of the proceeding. (*See* Ex. 1 (ECF No. 15-1) at 26-27.) Respondents argue that this is because no transcript has ever been made or requested by Petitioner in state court. (ECF No. 23.) Respondents also appear to suggest that the transcript is not necessary to resolve their motion to dismiss. (*See id.*) In response, Petitioner filed a "motion to oppose respondents' opposition," which the Court construes as a reply. (ECF No. 24.)

In his motion, Petitioner argues in conclusory fashion that the transcript of the evidentiary hearing is necessary to resolve his claims and to rebut Respondents' assertion that some of his claims are not cognizable. In his reply, Petitioner argues more specifically that the transcript will show that his attorneys at sentencing and on direct appeal committed perjury during the evidentiary hearing.

The Court may order the production of transcripts necessary to resolve the petitioner's claims. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). However, the Court is not persuaded, at this juncture at least, that the evidentiary hearing transcript is necessary. In the motion to dismiss, Respondents assert that several of Petitioner's claims—all asserting ineffective assistance of postconviction counsel—are not cognizable. (ECF No. 14 at 11.) Respondents are correct: Errors in state postconviction proceedings, including ineffective assistance of postconviction counsel, are not cognizable on federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987). This would include claims that trial and appellate counsel committed perjury during a postconviction evidentiary hearing. There cannot be anything in the hearing transcript that could change this conclusion, and the transcripts are therefore not necessary to respond to Respondents' argument that some of Petitioner's claims are not cognizable.

While conceivable that the transcript might be relevant to deciding Petitioner's otherwise cognizable claims, the request to produce the transcript is premature. In their motion to dismiss, Respondents have raised the threshold issue of timeliness. If the Petition is dismissed as untimely, the Court will not be resolving Petitioner's claims on the merits. Thus, the transcript of the evidentiary hearing may never be necessary in this action. Petitioner has not otherwise shown, or even argued, that the transcript contains information necessary to address the timeliness issue. Accordingly, the request for the production of a transcript of the evidentiary hearing is premature and will be denied without prejudice. Petitioner may renew his motion following the Court's ruling on Respondents' motion to dismiss or if he has additional grounds for asserting the transcript is necessary to respond to the motion to dismiss.

It is therefore ordered that Petitioner's motion for production of transcripts (ECF No. 22) is denied without prejudice.

///

///

It is further ordered that Petitioner's "motion to oppose respondents' opposition" (ECF No. 24), construed as a reply, is denied as moot.

DATED THIS 26th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE