UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GARY JOSEPH WINKLER,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:18-cv-00115-MMD-WGC

ORDER

**I.    SUMMARY**

This *pro se* habeas petition comes before the Court on Respondents' motion to dismiss (ECF No. 14). Petitioner opposed (ECF No. 28), and Respondents replied (ECF No. 29). In addition, Petitioner seeks leave to file a sur-reply (ECF No. 30).

Petitioner in this action challenges his 2008 state court conviction, pursuant to jury trial, on four counts of sexual assault with a minor under fourteen years of age. (ECF No. 5; ECF No. 16-7 (Ex. 42).)[1] Judgment of conviction was entered on July 3, 2008. (ECF No. 16-7 (Ex. 42).) Petitioner did not file a direct appeal before the deadline expired for doing so.

On April 7, 2009, Petitioner filed a state court petition for writ of habeas corpus asserting that his trial counsel failed to file a direct appeal on his behalf. (ECF No. 16-9 (Ex. 44).) The State conceded that Petitioner was entitled to file an appeal pursuant to *Lozada v. State*, 871 P.2d 944, 947 (Nev. 1994), and the state court granted the request, allowing Petitioner to pursue a direct appeal. (ECF No. 16-14 (Ex. 49); ECF No. 16-24 (Ex. 59).) On appeal, the Nevada Supreme Court affirmed, issuing its order on February 9, 2012. (ECF No. 17-22 (Ex. 93).) Petitioner did not thereafter file a petition for writ of certiorari with the United States Supreme Court. (ECF No. 28 at 27.)

---

[1]The exhibits cited in this order, constituting the relevant state court record, are located at ECF Nos. 15-18.

1 | On January 14, 2013, Petitioner filed a postconviction petition for habeas relief in state court. (ECF No. 17-25 (Ex. 96).) The state court denied relief, and Petitioner appealed. (ECF No. 18-9 (Ex. 115); ECF No. 18-11 (Ex. 117).) The Nevada Supreme Court affirmed on December 15, 2016, issuing remittitur on January 11, 2017. (ECF No. 18-18 (Ex. 124); ECF No. 18-19 (Ex. 125).)

Thereafter, on July 17, 2017, (ECF No. 5 at 18; *see also* ECF No. 28 at 5), Petitioner filed the instant petition for federal habeas corpus relief. Respondents move to dismiss the Petition as untimely and partially unexhausted.

## II. TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The one-year limitation period begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[2] 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

Petitioner's judgment of conviction became final on May 9, 2012, the last date for filing a petition for writ of certiorari with the United States Supreme Court. Accordingly, the federal limitations period began to run the next day, on May 10, 2012. The record does not reflect, nor does Petitioner argue, that any motions or petitions for collateral relief were filed or pending between May 10, 2012, and January 14, 2013. The limitations period thus continued to run until January 14, 2013, the date Petitioner filed his state postconviction petition for habeas relief. The statute of limitations ran for 249 days before the filing of that tolling motion. Once Petitioner's state habeas proceedings had concluded with the issuance of remittitur on January 11, 2017, the statute of limitations began to run again. Absent a basis for tolling or delayed accrual, the statute of limitations expired on

---

[2] While the statute of limitations may also begin to run from other events, Petitioner does not claim, and it does not appear from the record, that any of the other events is applicable in this case.

May 8, 2017—115 days after January 12, 2017.³ The Petition, filed on July 17, 2017, is therefore untimely on its face.

Petitioner does not argue in his opposition that he is entitled to any tolling; rather, he asserts only that Respondents are incorrect in their calculation. In particular, Petitioner asserts that because the state courts accepted his filings and did not dismiss any as untimely, the limitations period did not begin to run until after the conclusion of his state court postconviction proceedings.

Petitioner is mistaken. The statute of limitations begins to run when a conviction is final, and a conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A)—not, as Petitioner apparently believes, once postconviction proceedings have concluded.

Although Petitioner does not expressly claim a basis for it, some of the allegations in his opposition could be read as asserting entitlement to equitable tolling. A Petitioner can establish an entitlement to equitable tolling under certain, very limited circumstances. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In his opposition, Petitioner asserts that he is incarcerated under the "most arduous pernicious and deleterious adverse conditions" (ECF No. 28 at 1) and that:

---

³The 365th day fell on the weekend, so pursuant to Rule 6, the limitations period expired the following Monday.

> [i]t took 187 days of adversity [due to abuse inflicted upon me by inmate Arthur Hills prior to him murdering my dorm mate Melicio Z. Marroquin . . . . He was beaten June 19, 2016. *Died June 22, 2016] for Winkler to file his Federal § 2254 writ of habeas corpus on time July 17, 2017, with 178 days to spare. While in the 'hole.' Solitary confinement NNCC.

(ECF No. 28 at 5.) To the extent Petitioner asserts equitable tolling on this basis, his conclusory and vague allegations establish neither extraordinary circumstances nor that these circumstances prevented him from timely filing his petition. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that placement in administrative segregation alone does not justify application of equitable tolling); *Polk v. Hughes*, No. 12-cv-05986-VC (PR), 2015 WL 1322304, at *6 (N.D. Cal. Mar. 24, 2015) (rejecting petitioner's claim that "equitable tolling applies because she was repeatedly a victim of unprovoked verbal and physical abuse by other inmates" because such did not constitute extraordinary circumstances); *Sosa v. Barnes*, No. CV 12-6073-JLS (PJW), 2013 WL 5935628, *4 (C.D. Cal. Nov. 2, 2013) (explaining that "generalized assertion" that petitioner feared for safety did not entitle him to equitable tolling when he offered "no evidence of any specific attacks or threats on his life"); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."). The Court would note that although Respondents point out in their reply the conclusory nature of any equitable tolling claim Petitioner might be raising and Petitioner sought leave to file a sur-reply, the proposed sur-reply fails to elaborate on any claim of equitable tolling or offer any additional facts to support it.

The Court would also note that although Petitioner asserts that counsel for his *Lozada* appeal abandoned him and never told him that his direct appeal had been denied, (ECF No. 28 at 24), Petitioner admits that he learned his direct appeal had been denied on March 22, 2012. Thus, by the time the limitations period began to run, Petitioner was aware his direct appeal had been denied. To the extent this may be interpreted as a basis for equitable tolling, then, it can provide no relief here.

Finally, although he does not allude to it in the opposition or provide any evidence in support, Petitioner asserts a gateway claim of actual innocence in his Petition. (ECF No. 5 at 14-16.) Demonstrating actual innocence is a narrow "gateway" through which a Petitioner can obtain federal court consideration of habeas claims that are otherwise procedurally barred, including claims filed after the expiration of the federal limitations period. *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) (A "credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits."); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "[T]enable actual-innocence gateway pleas are rare.'" *McQuiggen*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met). To satisfy the narrow *Schlup* standard, a petitioner must come forward with new, reliable evidence that was not presented at trial that, together with the evidence adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 329. The evidence need not be newly discovered, but it must be "newly presented." *See Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003).

Petitioner was charged in this action with four counts of sexual assault on two minor victims. Both victims testified about the abuse they suffered at Petitioner's hands. (ECF No. 15-19 (Ex. 29) at 35-51 (supporting one count of abuse); ECF No. 15-32 (Ex. 32) at 7-23 (supporting three counts of abuse).) Petitioner denied both accounts through his own testimony. (ECF No. 15-34 (Ex. 34).) Nothing in the papers Petitioner has filed with the Court support a conclusion that no reasonable juror could have found Petitioner guilty. In fact, Petitioner does not even present new evidence, much less new reliable evidence. Instead, he simply repeats the constitutional violations he alleges he endured

during his trial and asserts that an investigation will reveal false and perjured evidence and police reports. Petitioner has failed to provide any of this evidence in response to Respondents' timeliness argument and thus has failed to substantiate any claim of actual innocence. Petitioner has not established a gateway claim of actual innocence.

As the petition in this case was filed more than two months after the expirations of the statute of limitations and Petitioner has established no basis for tolling or avoidance of the limitations period, the Petition must be dismissed.

### III.   MOTION TO FILE SUR-REPLY

Petitioner requests leave to file a sur-reply. However, nothing in the sur-reply is responsive to any new arguments raised in Respondents' reply, and at any rate the sur-reply is not useful to deciding the motion to dismiss. The motion for leave to file the sur-reply will therefore be denied.

### IV.   CERTIFICATE OF APPEALABILITY

In order to proceed with an appeal, Petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Allen*, 435 F.3d at 951; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen*, 435 F.3d at 951 (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

The Court has considered the issues raised by Petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that
///

none meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

**V.     CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss the petition as untimely (ECF No. 14) is granted. This action is therefore dismissed with prejudice.

It is further ordered that Petitioner's motion for leave to file a sur-reply (ECF No. 30) is denied.

It is further ordered that Petitioner is denied a certificate of appealability.

The Clerk of Court is instructed to enter final judgment accordingly and close this case.

DATED THIS 14th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE