UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GARY JOSEPH WINKLER,<br><br>Petitioner,<br>v.<br>ISIDRO BACA, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-00115-MMD-WGC<br><br>ORDER |

This closed habeas matter is before the Court regarding Petitioner Gary Joseph Winkler's Motion for Evidentiary Hearing (ECF No. 35), Motion for Reconsideration (ECF No. 38), Motion for Meeting (ECF No. 45), Motion for Federal Judicial Action (ECF No. 50), and Motion to Stop Transfer to Las Vegas (ECF No. 52). For the reasons discussed below, Petitioner's motions are denied.

**I.  BACKGROUND**

Petitioner initiated this habeas action in July 2017 to challenge his 2008 state court conviction on four counts of sexual assault with a minor under 14 years of age. (ECF Nos. 5, 16-7.) Judgment of conviction was entered on July 3, 2008. (ECF No. 16-7.)

Respondents moved to dismiss Petitioner's habeas petition as untimely. (ECF No. 14.) The Court found that the petition was untimely and that Petitioner was not entitled to equitable tolling or avoidance of the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 32.) The Court also found that Petitioner had not substantiated his claim of actual innocence. (*Id.*) Thus, on February 14, 2019, the petition was dismissed with prejudice and a certificate of appealability was denied. (*Id.*) The Clerk of Court entered judgment accordingly. (ECF No. 33.)

The following month, Petitioner filed a motion and wrote a letter to the Court seeking an evidentiary hearing. (ECF Nos. 35.) Because this action is closed, the Court

informed Petitioner that an evidentiary hearing is not appropriate and denied his request. (ECF No. 37.) However, to the extent Petitioner seeks reconsideration of the dismissal order, the Court construed his motion as one for relief under Rule 59(e) of the Federal Rules of Civil Procedure[1] and allowed Petitioner to supplement his motion to address the legal standard for seeking relief under Rule 59(e). (*Id.*) Petitioner filed a supplement as wells as related briefing, motions, and a letter. (ECF Nos. 38, 44, 45, 47, 48, 50, 52, 53.). Respondents opposed three of the new motions (ECF Nos. 40, 46, 51), and Petitioner replied in support of two (ECF Nos. 44, 47).

**II.    DISCUSSION**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify" an order for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A post-judgment motion for reconsideration, filed within 28 days of entry of judgment, is properly construed as a motion to alter or amend the judgment under Rule 59(e). *Rishor v. Ferguson*, 822 F.3d 482, 489-90 (9th Cir. 2016) (citation omitted).

The Ninth Circuit has recognized that "a Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation and internal quotations omitted) (affirming denial of reconsideration where motion merely asked district court to reconsider judgment it entered the previous day). Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491-92 (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). Rule 59(e) motions "may not be

---

[1]All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation'." *Id.* at 492 (citing *Herron*, 634 F.3d at 1111). "A party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1.

The Ninth Circuit has provided specific criteria for evaluating a Rule 59(e) motion for reconsideration in habeas cases:

> [A] district court presented with a motion for reconsideration in a habeas case must first determine whether the motion should be construed as a second or successive habeas petition: that is whether it seeks to raise an argument or ground for relief that was not raised in the initial habeas petition. If so, the district court should dismiss the motion without prejudice to allow the applicant to move in the Court of Appeals for an order authorizing the district court to consider the second habeas application. However, the district court may proceed to consider the merits of a Rule 59(e) motion that is filed within twenty-eight days of judgment and asks the court to correct errors of fact or law.

*Rishor*, 822 F.3d at 492. The court should construe a Rule 59(e) motion "as a second or successive habeas petition subject to AEDPA's restrictions" when it "raises entirely *new* claims," *i.e.*, when the motion (i) seeks to add a ground for relief not articulated in the original federal habeas petition, (ii) presents newly discovered evidence, or (iii) seeks relief based on a subsequent change in the law." *Id.* "In contrast, a timely Rule 59(e) motion that asks the district court to 'correct manifest errors of law or fact upon which the judgment rests' should *not* be construed as a second or successive habeas petition." *Id.*

Here, the Court does not construe Petitioner's motion for reconsideration as a second or successive petition because it does not raise new claims. Rather, the motion attempts to provide additional reasons why this Court should not have granted Respondents' motion to dismiss Petitioner's petition as untimely and tries to refute the calculation of his filing deadlines. Petitioner alleges that prison officials caused his delay in filing a federal petition by, among other ways, assaulting Petitioner inflicting a severe back and spine injury. He further argues that Respondents were not prejudiced by the late filing of his petition.

3

Nothing in Petitioner's Rule 59(e) motion convinces the Court that it clearly erred in dismissing this action as untimely. The Court thoroughly considered its prior rulings. Indeed, the Court dismissed the petition because it was not timely filed under AEDPA's one-year limitations period and Petitioner failed to meet his burden of showing an entitlement to equitable tolling or a credible claim of actual innocence. The motion for reconsideration does not cite, let alone attempt to comply with, the applicable legal standard. The motion is an improper attempt to take a "second bite at the apple" and make arguments he should have raised in the first instance. Petitioner has not stated a meritorious reason to reconsider prior rulings and alter the judgment in this case. The motion for reconsideration is therefore denied. Accordingly, the Court denies the remaining pending motions.

## III. CONCLUSION

It is therefore ordered that Petitioner's Motion for Evidentiary Hearing (ECF No. 35), Motion for Reconsideration (ECF No. 38), Motion for Meeting (ECF No. 45), Motion for Federal Judicial Action (ECF No. 50), and Motion to Stop Transfer to Las Vegas (ECF No. 52) are denied.

DATED THIS 30th day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4